UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EMPIRE MEDICAL REVIEW SERVICES, INC.,
        Plaintiff,

    v.                      Case No. 13-CV-1283

COMPUCLAIM, INC.,
        Defendant.

## ORDER

    Currently before the court is plaintiff Empire Medical Review Services, Inc.'s ("EMRS") Civil L.R. 7(h) Expedited Non-Dispositive Motion for an order allowing EMRS to divide its questioning of witnesses among its separately-retained attorneys. (ECF No. 91). Defendant CompuClaim, Inc. opposes the motion. (ECF No. 96).

    EMRS views this case as a complex intersection of contract, tort, and intellectual property law. It has retained separate counsel to specialize on certain issues. Pendleton Legal S.C. represents EMRS on the claims in its amended complaint. Andrus Intellectual Property Law, LLP represents EMRS on the intellectual property aspects of its amended claims. Once counterclaims were asserted against EMRS, its insurers hired Kasdorf, Lewis, & Swietlik S.C. and Boyle Fredrickson S.C. to represent EMRS in defense of the counterclaims only.

    The parties initially agreed that multiple attorneys representing EMRS would be allowed to ask questions at depositions of the defendant's witnesses. Specifically, they

agreed that attorneys Robert Lauer, Alexander Pendleton, *and* James F. Boyle would be allowed to question Jeffrey Berg at his deposition, with the understanding that the lawyers would not ask overlapping questions. (ECF No. 92-1, pg. 2, Ex. 1).

Later, during the deposition of Scott Strommen, counsel for CompuClaim expressed his view that the EMRS attorneys were, indeed, asking overlapping questions. CompuClaim withdrew its consent to EMRS dividing its questioning among multiple attorneys. The parties have since conferred on the issue but have been unable to reach an agreement regarding the questioning of future CompuClaim witnesses at depositions, resulting in EMRS filing the motion now before the court.

EMRS argues that, without the relief it seeks, one EMRS attorney would have to cover issues that fall under other attorneys' scope of representation. It argues that the attorneys may have different objectives, giving rise to the potential for a conflict. It also argues that scripted questions from another lawyer handling a separate aspect of the case are "highly ineffective for obtaining clear testimony." (ECF No. 91 at pg. 3).

CompuClaim points to General Local Rule 43, which sets the standard practice in this district: "[u]nless otherwise ordered, one attorney for each party may examine or cross examine a witness." It then cites seven instances from the Strommen and Berg depositions in which the attorneys asked overlapping questions. It identifies what it characterizes as several "significant advantages" that arise from giving multiple lawyers

an opportunity to examine witnesses. Finally, it argues that examination by more than one attorney is both oppressive and harassing.

General Local Rule 43 places discretion squarely on the shoulders of the presiding court. ("*Unless otherwise ordered*, one attorney for each party may examine or cross examine a witness.") (emphasis added). This case, though at bottom a contract dispute, involves software coding and allegations on both sides of copyright infringement and Digital Millennium Copyright Act violations. Such claims can have complex contours. EMRS has found the need to retain separate counsel to tackle such issues.

CompuClaim's examples of overlapping questioning do not show egregious conduct on the part of EMRS's attorneys. Cleanly splicing certain topics from others can be difficult even when one attorney is asking all of the questions. Some degree of overlap in questioning is often unavoidable. It appears that EMRS's lawyers genuinely tried to do as promised and avoid asking overlapping questions.

Having said that, General Local Rule 43 establishes the normal practice in this district, which is that one attorney per side will be allowed to examine or cross-examine a witness. Multiple lawyers for one party examining or cross-examining a witness is exceptional. Whereas CompuClaim has cited several cases where courts have denied relief similar to that sought by EMRS, EMRS has not directed this court to any decision where a court granted a party the relief EMRS seeks.

3

Moreover, EMRS's explanations for why such relief is necessary here are not particularly compelling. Many cases filed in federal court are complicated, involving a variety of claims and counterclaims consisting of assorted legal issues, including intellectual property issues. EMRS does not explain why this case is so different as to warrant straying from the normal practice of one lawyer per witness. Certainly the fact that its insurer has chosen to hire separate counsel to represent it on the counterclaims is not sufficient. Although EMRS argues that there is the potential for a conflict between the attorneys' objectives, it does not point to any here.

In addition, the court is sensitive to witnesses being tag-teamed at a deposition by more than one lawyer for the same party. When one lawyer runs out of steam (or questions), another hops in the ring and continues the examination, bringing a fresh perspective and a new list of questions. While circumstances necessitating such a proceeding could arise, EMRS has not demonstrated that this case is the unusual one that would warrant permitting multiple lawyers to question witnesses at their depositions.

**IT IS THEREFORE ORDERED** that plaintiff's Civil L.R. 7(h) motion is **denied.**

Dated at Milwaukee, Wisconsin this 6th day of July, 2016.

WILLIAM E. DUFFIN
U.S. Magistrate Judge