# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EMPIRE MEDICAL REVIEW SERVICES, INC.,

            Plaintiff,

     v.                               Case No. 13-CV-1283

COMPUCLAIM, INC.,

            Defendant.

## DECISION AND ORDER

**1. Background**

On June 26, 2018, the court issued a Decision and Order (ECF No. 217) resolving the parties' motions for summary judgment. The court granted in part and denied in part the motion filed by plaintiff Empire Medical Review Services, Inc. *Empire Med. Review Servs. v. CompuClaim, Inc.*, No. 13-CV-1283, 2018 U.S. Dist. LEXIS 106474, 2018 WL 3130651 (E.D. Wis. June 26, 2018). The court denied defendant CompuClaim, Inc.'s motion for summary judgment. *Id.*

On July 20, 2018, Empire filed a "Motion for Clarification and Reconsideration." (ECF No. 219.) The briefing regarding this motion is complete and it is ready for resolution.

The facts underlying the disputes between the parties are outlined in much greater detail in the court's prior decision. *See Empire Med. Review Servs.*, 2018 U.S. Dist. LEXIS 106474. For present purposes it is sufficient to note that CompuClaim entered into an agreement with Empire regarding Empire's "ClearingMagic" software. In a subsequent agreement, "Addendum B," Empire agreed to do certain custom programming to ultimately create a website through which CompuClaim's customers would submit Medicaid claims. As is relevant to the present motion, Empire alleges that CompuClaim infringed on Empire's copyright when CompuClaim used parts of that custom programming in later software.

## 2. Applicable Law

"[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). Consequently, "[a] party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269). Nor is reconsideration an

"appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269. "[D]eveloping an argument for the first time in a motion to reconsider is too late." *Bloch v. Frischholz*, 587 F.3d 771, 784 n.9 (7th Cir. 2009) (citing *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) ("[A]ny arguments … raised for the first time in [a] motion to reconsider are waived.")).

**3. Analysis**

**3.1. Implied License as an Affirmative Defense**

Empire sought summary judgment with respect to its claim that CompuClaim infringed Empire's copyright by re-using source code Empire provided to CompuClaim. CompuClaim responded, in part, that it had an implied license as to the code. (ECF No. 196 at 6-7.) CompuClaim also made this implied license argument in support of its own motion for summary judgment. (ECF No. 166 at 32-38.) Empire addressed these arguments at length in its response (ECF No. 190 at 24-35) and reply (ECF No. 204 at 5-7), arguing both that CompuClaim waived the argument by not asserting it as an affirmative defense and that it fails on its merits.

The court agreed with Empire that CompuClaim should have raised its implied license argument as an affirmative defense in its answer. *Empire Med. Review Servs.*, 2018 U.S. Dist. LEXIS 106474, at *28. But finding that Empire had failed to demonstrate it was prejudiced as a result, the court rejected Empire's waiver arguments. *See id.* at *29 (citing

*Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 436 (7th Cir. 2014) ("We will generally find that '[t]he failure to plead an affirmative defense in the answer works a forfeiture only if the plaintiff is harmed by the defendant's delay in asserting it.'"); *Myers v. Harold*, 279 F. Supp. 3d 778, 794 (N.D. Ill. 2017) (rejecting forfeiture argument, stating, "Plaintiff responded to Defendants' license arguments in their response to Defendants' summary judgment motion, and their reply in favor of their own motion. Because Plaintiff was able to respond, the court will address this defense.")).

A motion for reconsideration is not a do-over or a second chance for a party to make the arguments it could or should have made earlier. Although Empire now more thoroughly explains how it is allegedly prejudiced by CompuClaim's failure to include implied license as an affirmative defense in its answer, simply because a litigant makes a better argument on a second try is not a reason to grant reconsideration. "Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995).

Empire is correct that CompuClaim should have pled in its answer the affirmative defense of implied license. But the law is forgiving of such an omission absent a demonstration of prejudice by the other party. *See* FRCP 15(a)(2) (leave to amend should be freely given when justice so requires). Although objecting to CompuClaim's assertion of the defense, Empire failed to explain how it was prejudiced

4

by the belated assertion of an implied license defense. As a result, the court permitted CompuClaim to proceed with it.

Empire similarly should have included in its summary judgment briefs the complete prejudice argument it now proffers. The law, however, is not nearly as forgiving of Empire's omission. As stated above, motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Although Empire argues that the court erred in deciding to consider CompuClaim's implied license defense, it has not demonstrated that the court's decision constituted a manifest error of law, nor does it present newly discovered evidence.

Therefore, Empire's motion is denied as to its request that the court reconsider permitting CompuClaim to proceed with its affirmative defense of implied license.

### 3.2. Merits of Implied License Affirmative Defense

#### 3.2.1. Addendum B as an Amendment to the Software License Agreement

Empire argues that CompuClaim's implied license affirmative defense fails because the source code related to the website is covered by the parties' express license.

Empire seems to take a binary view of Addendum B—it is either a wholly independent document or it is an amendment to the agreement, in which case all the provisions of the agreement apply to the code created pursuant to Addendum B. For example, it argued in response to CompuClaim's motion for summary judgment, "If the Court concludes as a matter of law that Addendum B is an amendment to the

Agreement, that alone is fatal to CompuClaim's motion based on its alleged 'implied license' defense." (ECF No. 190 at 29.) Empire did then and continues to overlook the possibility that, even if Addendum B is an amendment to the agreement, the license provisions of the agreement would not apply to the custom programming created pursuant to Addendum B.

In the agreement Empire granted CompuClaim a non-exclusive, non-transferable license to install and use "the Software and related documentation." (ECF No. 168-1, ¶ 1. (a).) It defined "the Software" being licensed as "ClearingMagic." (ECF No. 168-1, ¶ A.) Addendum A seems to say that "ClearingMagic" includes "ClearingMagic with EligibilityMagic functionality and Header Detail to ANSI 837 Professional software." (ECF No. 168-1 at 22.) It also stated, "In addition to licensing the Software to Licensee, Empire wishes to provide Licensee with software maintenance services, software support services and custom programming and training as more fully set forth below, in connection with Licensee's license of the Software." (ECF No. 168-1, § B.) Thus, it is clear that, in the agreement, "*in addition to* licensing the Software" (ECF No. 168-1 § B. (emphasis added)) to CompuClaim, Empire agreed to provide "custom programming." No other provision of the agreement can be read so as to include "custom programing" within the scope of the definition of "the Software." Nowhere does the agreement say that Empire's "custom programming" is subject to the same terms as the license governing "the Software."

Addendum B is "a list of custom programming that will be done to CompuClaim's leased ClearingMagic, EligibityMagic, and translation software that will be integrated into the meduclaim.com school Medicaid billing portal." (ECF No. 168-1 at 23.) Thus, it may be fair to read Addendum B as an amendment to the agreement. But that does not necessarily mean that "custom programming" is subject to all of the terms and conditions of the license in the same way that "the Software" is. Nor did Addendum B amend the definition of "the Software" as that term is used in the agreement to include the custom programming regarding the website. Thus, the existence of the explicit license between the parties does not foreclose CompuClaim's affirmative defense of implied license because Empire has failed to prove thus far that the explicit license applied to the custom website programming.

### 3.2.2. Scope of Implied License

Empire argues that to survive summary judgment CompuClaim must show more than simply that a reasonable finder of fact could conclude it had an implied license. Rather, CompuClaim must be able to point to specific facts from which a reasonable finder of fact could conclude that it had an implied license to use the work in the manner the copyright holder alleges was an infringement of its copyright, *i.e.* to create a derivative work. (ECF No. 220 at 27-32.) On this point, the court agrees.

However, the court disagrees with Empire's argument that CompuClaim cannot make the requisite showing because the software license agreement expressly prohibits

the creation of derivative works. (ECF No. 220 at 29-30.) As discussed above, Empire has not proven that custom programming is "software" as defined in the agreement such that CompuClaim was necessarily prohibited from using that custom programming in a subsequent work.

"When the totality of the parties' conduct indicates an intent to grant such permission, the result is a legal nonexclusive license." *Kay Bros. Enters. v. Parente*, No. 16 C 387, 2018 U.S. Dist. LEXIS 128191, at *23 (N.D. Ill. July 31, 2018) (quoting *Fox Controls, Inc. v. Honeywell, Inc.*, No. 02 C 346, 2005 U.S. Dist. LEXIS 14410, 2005 WL 1705832, at *5 (N.D. Ill. July 14, 2005)). A reasonable finder of fact could conclude that Empire granted CompuClaim an implied license to create works derivative of Empire's custom programming.

For example, as Empire notes (and places much emphasis upon), "the explicit language of the Software License Agreement *expressly prohibits*" the creation of derivative works. (ECF No. 220 at 30 (emphasis in original).) But if custom programming is outside the scope of "software" as defined in the agreement, the licensor arguably intended that the prohibition regarding the creation of derivative works would *not* apply to custom programming. Moreover, CompuClaim paid Empire for the custom programming, and there was no expressed limitation on CompuClaim's subsequent use of that code. Both of these facts support the conclusion that CompuClaim had an implied license that included the creation of derivative works

8

based on the custom programming. *See Kay Bros. Enters.*, 2018 U.S. Dist. LEXIS 128191, at *30-31; *see also I.A.E., Inc. v. Shaver*, 74 F.3d 768, 777 (7th Cir. 1996); *Asset Mktg. Sys. v. Gagnon*, 542 F.3d 748, 755-57 (9th Cir. 2008).

**3.3. Prima Facie Claim of Infringement**

Empire asks for "clarification" as to whether the court concluded that Empire had proven the elements of its infringement claim, with the only thing standing between it and judgment in its favor is determining whether CompuClaim's use of the website source code was consistent with an implied license.

To be entitled to summary judgment on its claim that CompuClaim infringed Empire's copyright in the CMWebSite software source code, Empire would have had to show both that there was no dispute of material fact regarding the elements a copyright infringement claim and also that there was no dispute of material fact with respect to any affirmative defense. A failure on any point merited denial of Empire's motion with respect to its copyright infringement claim.

Finding that a dispute of material of fact existed with respect to CompuClaim's affirmative defense of implied license, the court denied Empire's motion as to its copyright infringement claim. Simply because the court denied the claim on one specific basis does not mean that the court found that Empire satisfied all other elements necessary to its claim. There was no reason to discuss the other elements, and thus the court did not.

Therefore, to Empire's question of whether the court held in its summary judgment decision that Empire satisfied all the elements of a claim of infringement, the answer is "No." To the extent that Empire is now asking the court to so find, that is not properly within the scope of Empire's motion for reconsideration because Empire did not seek such relief in its initial motion.

**IT IS THEREFORE ORDERED** that Empire's "Motion for Clarification and Reconsideration" is **denied**.

Dated at Milwaukee, Wisconsin this 25th day of September, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge